# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

BRIAN KEITH ALFORD,                         Case No. 2:24-cv-34
        Plaintiff,                          Marbley, J.
                                         Litkovitz, M.J.

     v.

MR. PRESSLEY, *et. al.*,                    **ORDER**
        Defendants.

Plaintiff Brian Keith Alford, a state prisoner proceeding pro se, brings this action alleging First Amendment retaliation by members of the Ohio Adult Parole Authority (OAPA), Mr. Pressley, Ms. Hoying, Mr. Herron, Mr. Brumfield, and Mr. Whitmer. (Docs. 1, 5). This matter is before the Court on defendants' motion for a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure (Doc. 20), plaintiff's motion for leave to file a response to defendants' reply memorandum filed in support of their motion for summary judgment and motion to extend discovery deadline (Doc. 21), plaintiff's motion to recuse and request protective order (Doc. 22), and defendants' responsive memoranda thereto (Doc. 23, 24).

## I.     Background

Plaintiff filed this lawsuit on January 4, 2024 (Doc. 1), and the undersigned recommended that plaintiff's claims be dismissed except for plaintiff's First Amendment retaliation claim against the five named defendants. (Doc. 5). The Court issued a Calendar Order establishing December 2, 2024 as the discovery deadline. (Doc. 13). Defendants filed a motion for summary judgment with related exhibits on October 24, 2024. (Doc. 15). Among the exhibits were documents pertaining to plaintiff's July 2022 parole hearing, including the declaration of defendant Widmer (Doc. 15-1 at PAGEID 175-78), Ohio Parole Board Decision and Minutes dated July 29, 2022 (*Id.* at PAGEID 179-80), and Current Institutional Report

Summary for plaintiff (*Id.* at PAGEID 182-86).  Plaintiff served defendants with written discovery requests on November 15, 2024.  (Doc. 18).  Included were requests for several documents related to the current claim and previously attached to defendants' motion for summary judgment (Doc. 18 at PAGEID 235; *see* Doc. 15-1 at PAGEID 179-86), as well as requests for documents and admissions pertaining to records and events as far back as 1999.[1] (Doc. 18).

On November 22, 2024, counsel for defendants contacted plaintiff and requested he withdraw his discovery requests.  (Doc. 20 at PAGEID 264-65, Doc. 21 at PAGEID 277).  Plaintiff declined defendants' request to withdraw his discovery requests.  (*Id.*).  Defendants now seek a protective order to stay a response to plaintiff's remaining discovery requests (Doc. 20), and plaintiff seeks to extend the discovery deadline to allow additional time for defendants to comply with the same.  (Doc. 21 at PAGEID 277-78).

## II.    Legal standard

The scope of discovery is broad and within the sound discretion of the court.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  "The Court must balance the need of a party to access the information necessary to establish its claim or defense and overly broad requests that amount to a fishing expedition."  *Watson v. Ohio Ambulance Sols., LLC*, No. 1:20-cv-802, 2021 WL 12252361, at *1 (S.D. Ohio Nov. 23, 2021) (citing *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) and *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  Courts may limit the scope of discovery to certain matters under Fed.

---

[1] Plaintiff's request for documents includes, in part, warrants, rules and regulations, and other documents pertaining to plaintiff's incarceration and parole status between 1999 and 2002, as well as video recordings of plaintiff's parole hearings in 2011, 2012, 2015, and 2017.  (Doc. 18 at PAGEID 233-35).  Plaintiff's requests for admissions primarily relate to events occurring between 2000 and 2002, and none relate specifically to defendants' actions at the July 2022 parole hearing.  (Doc. 236-38).

R. Civ. P. 26(c)(1) when the request is "overly broad or unduly burdensome." *Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231, 236 (6th Cir. 2016). Fed. R. Civ. P. 26 authorizes a protective order limiting discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The burden of establishing good cause for a protective order rests with the movant." *Smith v. Gen. Mills, Inc.*, No. 2:04-cv-705, 2006 WL 7276959, at *2 (S.D. Ohio Apr. 13, 2006) (quoting *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001)). "To show good cause, a movant for a protective order must articulate specific facts showing a 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (quoting *Nix*, 11 F. App'x at 500). *See also Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (holding that to justify a protective order, one of Rule 26(c)(1)'s listed harms "must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements'") (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

### III.    Arguments and Analysis

   a.    *Defendants' Motion for Protective Order and Plaintiff's Motion to Extend the Discovery Deadline*

Defendants argue that the majority of plaintiff's requests for documents and requests for admission are overly broad and not relevant to plaintiff's surviving claim in this case, which is a First Amendment retaliation claim for actions allegedly taken by defendants at plaintiff's July 2022 parole hearing. (Doc. 20 at PAGEID 266, citing Doc. 18). Defendants indicate that only the following requests are relevant, in part, to the extent that they relate to the July 2022 hearing:

- Request #8: Request for the video of [p]laintiff's initial Parole Violation hearing in 2011, and subsequent hearings in 2012, [p]laintiff['s] hearing in 2015, [p]laintiff's hearing in 2017, and [p]laintiff['s] hearing in 2022, and any documents generated as a result of those hearings.

- Request #9: Request for a copy of the parole board minutes for [p]laintiff[']s hearings in 2011, 2012, 2015, 2017, and 2022.

- Request #12: Request for a copy of all documents listed in the Hearing Packet Receipt Verification in July 2022 by Defendants.

(Doc. 20 at PAGEID 264, citing Doc. 18 at PAGEID 235). Defendants further state:

> [T]he requested information, which spans over 20 years, is outside the personal knowledge of the Defendants and would require them or [Ohio Department of Rehabilitation and Correction] staff to expand hours researching and attempting to locate information which would not be admissible and/or relevant to the allowed claim of retaliation. As such, it will cause the Defendants and their employer, ODRC, annoyance and undue expense to find the information and respond to the untimely requests.

(*Id*.). Plaintiff denies that defendants have provided the requested discovery but fails to address defendants' relevancy arguments or rebut their undue burden arguments. (Doc. 21).

To resolve the parties' dispute, the Court must look to the scope of plaintiff's claim in the litigation which, in turn, determines the scope of proper discovery. Rule 26(b) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *N.T. by and through Nelson v. Children's Hosp. Med. Ctr.,* No. 1:13-cv-230, 2017 WL 5953432, at *4 (S.D. Ohio June 30, 2017). Plaintiff's only viable claim at this juncture[2] is his First Amendment retaliation claim, which involves defendants' alleged retaliatory actions during plaintiff's July 2022 parole hearing. (Doc. 5). Therefore, the relevant time period for discovery purposes is July 2022. Plaintiff's discovery requests clearly exceeds that period. (Doc. 18). "[W]hen the relevance of a discovery request has been challenged, the burden is on the requester to show the relevance of the requested information." *Berryman v. SuperValu Holdings, Inc*., No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) (citing *Centillion Data Sys., Inc. v. Ameritech Corp*.,

---

[2] Plaintiff's objections to the magistrate judge's Report and Recommendation are pending before the district judge. (Doc. 8).

4

193 F.R.D. 550, 552 n. 1 (S.D. Ind. 1999).  Plaintiff's requests seek documents spanning twenty

years before the relevant time period, and he has failed to meet his burden to demonstrate their

relevance to his current claim.  Defendants have shown good cause for the issuance of a

protective order limiting the scope of plaintiff's November 14, 2024 discovery requests to those

documents and admissions pertaining to plaintiff's July 2022 parole hearing: video of plaintiff's

[parole] hearing in 2022 (Doc. 18 at PAGEID 235, Request #8), copy of parole board minutes

for plaintiff's hearing in 2022 (*Id.*, Request #9), and all documents listed in the hearing packet

receipt verification in July 2022 by defendants (*Id.*, Request #12).

Next, defendants argue that plaintiff's limited discovery requests that are relevant to the

current lawsuit have "already been provided to the plaintiff" in the form of exhibits to

defendants' motion for summary judgment.  (Doc. 20 at PAGEID 264, 266).  Plaintiff does not

address this argument in his responsive memorandum, nor does he challenge defendants'

assertions that the relevant requests have been fulfilled.  (Doc. 21).  Neither does plaintiff dispute

or question defendants' assertion that "[p]arole hearings are not recorded, and therefore, to the

extent that [p]laintiff has requested the same, they do not exist."  (Doc. 20 at PAGEID 264, fn.2).

As the relevant discovery plaintiff seeks is attached to defendants' motion for summary

judgment, there is no need to extend the discovery deadline for plaintiff to obtain this

information.  Accordingly, plaintiff's motion to extend the discovery deadline is denied, and

defendants' motion for protective order is granted.  Further, to the extent that plaintiff's motion

seeks leave to file additional responses in opposition to defendants' motion for summary

judgment (Doc. 21), including additional claims and arguments not raised in his responsive

memorandum (*see* Doc. 17), that motion is denied.

     b.  *Plaintiff's Motion to Recuse*

Plaintiff's motion to recuse and request protective order asserts that defendants' counsel should be removed from this case for "the appearance of bias and prosecutorial misconduct for interfering with [p]laintiff's due process and equal protection rights." (Doc. 22 at PAGEID 282). Plaintiff alleges that defendants' counsel contacted plaintiff by telephone and "request[ed] that [p]laintiff withdraw his [m]otion for [d]iscovery [r]equest." (*Id.*). Defendants state that defendants' counsel contacted plaintiff pursuant to Fed. R. Civ. P. 26(c)(1) to "inform[] him of the issues she saw with the discovery requests, and ask[] that he voluntarily withdraw them." (Doc. 23 at PAGEID 289). Defendants argue that their counsel was "attempting to resolve a discovery dispute prior to filing a motion with the court" as required by the Federal Rules. (*Id.* at PAGEID 290).

Rule 26(c)(1) requires that motions for protective orders "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Further, the Ohio Rules of Professional Conduct do not prohibit opposing attorneys from contacting the opposing party when that party is proceeding in pro se, as is the case here. *See* Ohio Rules of Pro. Conduct Rule 4.2. Plaintiff does not cite to any case law to support his assertion that defendants' counsel should be removed from this case, and there is no dispute over the content of the communication. Plaintiff's motion to recuse is denied.

## IT IS THEREFORE ORDERED:

1. Defendants' motion for protective order (Doc. 20) is GRANTED.

2. Plaintiff's motion for leave to file response reply in support of summary judgment and motion to extend discovery deadline (Doc. 21) is DENIED.

3. Plaintiff's motion to recuse and request protective order (Doc. 22) is DENIED.

Date: 1/23/2025

Karen L. Litkovitz
United States Magistrate Judge