## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**BRIAN KEITH ALFORD,**                :
                                        :
              **Plaintiff,**            :     **Case No.: 24-cv-00034**
                                        :
    **v.**                              :     **Judge Algenon L. Marbley**
                                        :     **Magistrate Judge Karen L. Litkovitz**
**MR. PRESSLEY,** *et al.,*             :
                                        :
              **Defendants.**           :

## OPINION & ORDER

Before this Court are two Reports and Recommendations ("R&R" or "R&Rs") and one Order from Magistrate Judge Litkovitz. The first R&R (ECF No. 5) recommends dismissing all of Plaintiff's claims except for the First Amendment retaliation claim and declining to grant Plaintiff's request for injunctive relief. The Order (ECF No. 26) grants Defendants' Motion for a Protective Order, denies Plaintiff's Motion for Leave to File a Response Reply in Support of Summary Judgment, and denies Plaintiff's Motion to Extend the Discovery Deadline. The second R&R (ECF No. 29) recommends granting Defendants' Motion for Summary Judgment against the First Amendment retaliation claim.

For the reasons that follow, Plaintiff's Objections (ECF Nos. 8 & 35) are **OVERRULED,** and the Magistrate Judge's first and second R&Rs (ECF Nos. 5 & 29) are **ADOPTED.** Accordingly, Plaintiff's Objection to the Magistrates Order (ECF No. 27) is **DENIED as Moot.**

### I.  BACKGROUND

This Court generally adopts the Second R&R's background (see ECF No. 29 at 1–3) but highlights a few key facts here for the purpose of this analysis. Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction (ODRC). On July 29, 2022, Plaintiff

appeared before an Ohio Parole Board to assess his eligibility for parole. (ECF No. 1 at 2, ¶ 4). The Parole Board members consisted of the five individual Defendants: Mr. Pressly, Ms. Hoying, Mr. Herron, Mr. Brumfield, and Mr. Whitmer. (ECF No. 1 at 2). According to Plaintiff, topics discussed at the hearing included his litigious activity, release plans, employment, and the offenses for which he was convicted. (ECF No. 1 at 3, ¶ 5). Plaintiff alleges that after he described his litigious activity, a Board member told him to "continue your litigation." (ECF No. 1 at 3, ¶ 4). Plaintiff also alleges that a Board member stated, "I'll be up front with you Mr. Alford, with what you are bringing us today we are going to continue you for 48 more months, but if any of your litigation is successful request reconsideration immediately." (ECF No. 1 at 3, ¶ 5). Defendant Whitmer states that he has no recollection of a Board member making these statements to Plaintiff. (ECF No. 15 at Exhibit A).

This hearing was documented in the Ohio Parole Board Decision and Minutes, wherein the Board recorded its decision and provided its rationale.[1] (ECF No. 15 at A-1). Parole hearings are not recorded. (ECF No. 29 at 18). No video evidence exists for Plaintiff's July 29, 2022 Ohio Parole Board hearing. (ECF No. 29 at 18).

---

[1] The Board checked the box indicating that "The mandatory factors indicated in AR 5120:1-1-07 were considered." (ECF No. 15 at Exhibit A-1). The Board also checked the following boxes as reasons that supported continued incarceration:

> B. There is substantial reason to believe that as the unique factors of the offense of conviction significantly outweigh the inmates rehabilitative efforts, the release of the inmate into society would create undue risk to public safety and/or would not further the interest of justice nor be consistent with the welfare and security of society.

> C. There is substantial reason to believe that due to serious infractions of division level 5120:9-06 of the Administrative Code, the release of the inmate would not act as a deterrent to the inmate or to other institutionalized inmates from violating institutional rules. (ECF No. 15 at Exhibit A-1).

Additionally, the Board summarized the rationale for their decision as such:

> Offender has been back for eleven and half years after returning from federal incarceration for bank robbery that occurred while on parole. The offender lacks cognitive programming to address his risk factors and thinking errors; and has continued institutional conduct since his last hearing. After considering relevant factors, the Board does not consider the inmate suitable for release at this time. (ECF No. 15 at Exhibit A-1).

On January 4, 2024, Plaintiff filed his *pro se* Complaint against the five Parole Board members as well as "Adult Parole Authorities." (ECF No. 1 at 1). Seeking injunctive relief, the Complaint alleged that Defendants worked in concert to retaliate against Plaintiff for his litigation efforts (ECF No. 1 at 2). Additionally, the Complaint claimed that by continuing his parole eligibility hearing for a fifth time, Defendants failed to adhere to Ohio parole regulations and violated due process. (ECF No. 1 at 4). In doing so, Defendants allegedly "continue[d] to cause injury to Plaintiff due to: (1) failure of ODRC to treat for life-threatening illness; (2) exposure to dangerous hazardous waste…; (3) destruction of active legal documents…; (4) targeting by ODRC staff." (ECF No. 1 at 5). The Complaint also mentioned Plaintiff's right to access the courts when it stated, "This is a civil rights complaint…for violations of Plaintiff's FIRST, FIFTH and FOURTEENTH AMENDMENTS TO THE UNITED STATESD [sic] CONSTITUTION to include access to the Courts." (ECF No. 1 at 1).

In R&R 1, the Magistrate Judge determined that Plaintiff's Complaint amounted to the following claims: First Amendment retaliation, violation of due process rights, violation of state rules and regulations, damages by ODRC staff, conspiracy to interfere with civil rights, and violation of a state criminal law. (ECF No. 5 at 7–24). The Magistrate Judge also determined that Plaintiff's reference to his right to access the courts was not a freestanding claim because Plaintiff offered no facts alleging that his right had been impeded. (ECF No. 5 at 11–12). Ultimately, the Magistrate Judge recommended declining to grant Plaintiff's request for injunctive relief. (ECF No. 24). Plaintiff filed timely Objections to this first R&R. Defendants did not file a Response.

Subsequently, the Magistrate Judge delivered an Order (ECF No. 26) granting Defendants' Motion for Protective Order to limit discovery and denying the following of Plaintiff's motions: Motion for Leave to File Response Reply in Support of Summary Judgment, Motion to Extend

Discovery Deadline, and Motion to Recuse and Request Protective Order. Plaintiff filed timely objections to this Order.

Defendants filed a Motion for Summary Judgment (ECF No. 15), which R&R 2 recommended granting. Again, Plaintiff filed timely objections to this second R&R. (ECF No. 35). Defendants filed a timely Response. (ECF No. 36).

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review "*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). After this review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

While the district court must consider all timely objections, the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to complete failure to object." *Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Likewise, "a general objection to the entirety of a magistrate's report, without specifying a single issue of contention" does not meet the requirement for proper objections. *Howard v. Sec'y of Health & Hum. Servs*, 932 F.2d 505, 509 (6th Cir. 1991). Instead, they must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard*, 932 F.2d at 509). The objections of a petitioner appearing *pro se* are construed liberally and held to less stringent standards than documents drafted by lawyers. *Cf. Erickson v. Parus*, 551 U.S. 89, 94 (2007) (per curiam).

### III.    LAW AND ANALYSIS

#### A.  Magistrate's Recommendation to Dismiss All Claims Besides Plaintiff's First Amendment Retaliation Claim

The pleadings of a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Among such essentials are the obligations under Fed. R. Civ. P. 8(a)(2) to provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." If these essentials are not met, this Court may dismiss a cause of action under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

##### 1.  *Section 1983 Claims Against OAPA*

Plaintiff's Complaint alleged civil rights violations under 42 U.S.C. § 1983 ("Section 1983"), which "creates liability for 'persons' who deprive others of federal rights under color of law." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336, 342 (6th Circ. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). The Magistrate Judge recommended the dismissal of any Section 1983 claims against the Ohio Adult Parole Authority (OAPA), as OAPA is a state agency and not a "person" under Section 1983, the Magistrate Judge recommended the dismissal of any Section 1983 claims against OAPA. (ECF No. 5 at 7–9).

Plaintiff objects to the R&R, citing an exception to immunity from *Dotson v. Collins*, 317 Fed. App'x 439, 441 (6th Cir. 2008), which states:

> [W]here a prisoner does not claim immediate entitlement to parole or seek a shorter sentence, but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new

5

discretionary hearing the outcome of which cannot be predicted, we hold such a challenge cognizable under section 1983.

*Id.* (citing *Dotson v. Wilkinson,* 329 F.3d 463, 465–66 (6th Cir. 2003), *aff'd*, 544 U.S. 74 (2005), *remanded to*, 448 F.3d 936 (6th Cir. 2006)).

While *Dotson*'s language may appear to support Plaintiff's claims, the exception to immunity that it articulates only applies to a narrow set of circumstances that do not exist in the present case. *Dotson*, 329 F.3d at 465–66, 78 (permitting a state prisoner's § 1983 suit that challenges an official state agency procedure but does not challenge "the fact or duration" of the prisoner's confinement). Here, Plaintiff is not challenging an official parole procedure as improper; instead, Plaintiff alleges that Defendants violated his constitutional rights by *breaking* state law, not by *following* procedure.

For this same reason, Plaintiff's other cited cases, *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) (holding that a municipality can be liable in a § 1983 suit alleging constitutional injuries from official municipal policy) and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–84 (1986) (holding that a municipality can be liable in a § 1983 suit based on action ordered by a decisionmaker with final authority over municipal policy), are also inapplicable. Those two cases pertain to municipal liability, which applies "when implementation of [a municipality's] official policies or established customs inflicts the injury." *Monell*, 436 U.S. at 707–08. Here, Plaintiff has not pointed to any official policy or established custom that has allegedly violated his constitutional rights. Instead, Plaintiff alleges that Defendants violated his constitutional rights by *breaking* state law, not by *implementing* an official policy.

Plaintiff also objects on the grounds that, "because Plaintiff is not seeking monetary damages, immunity is unavailable." (ECF No. 8 at 8). This is generally correct in the context of "persons." *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). ("[T]he Supreme

6

Court announced an exception to Eleventh Amendment sovereign immunity in *Ex parte Young* for claims [under federal law] for injunctive relief against individual state officials in their official capacities."); *J. Endres v. Northeast Ohio Med. Univ.*, 938 F.3d 281, 302 (6th Cir. 2019) ("We note, however, that qualified immunity 'only immunizes defendants from monetary damages'—not injunctive or declaratory relief.").

The reason this exception does not apply in the present case, however, is because OAPA is not a state official, but rather a state agency. *Hohenberg*, 68 F.4th at 342 ("States and state agencies are not "persons" within the meaning of § 1983 for several reasons."); *see Horton v. Martin*, 137 Fed. App'x 773, 774–75 (6th Cir. 2005) (holding that the Michigan Parole Board had sovereign immunity from a Section 1983 suit alleging due process violations based on a parole revocation hearing); *Kanuszewski v. Mich. Dep't of Health and Hum. Servs.*, 927 F.3d 396, 417 n.11 (6th Cir. 2019) ("Another reason that claims against the state and its agencies cannot be maintained under § 1983 is that these entities are not suable 'persons' for purposes of § 1983.").

Finally, Plaintiff cites *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) as support for his objection that "immunity is unavailable." (ECF No. 8 at 8). On the contrary, *Will* squarely undermines Plaintiff's objection since it held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 72. Therefore, Plaintiff's objection to the Magistrate Judge's recommendation to dismiss any Section 1983 claims against OAPA is **OVERRULED**.

### 2. *Due Process Violation*

Objecting to the recommended dismissal of his due process claim, Plaintiff recounts allegations of due process violations by OAPA. As established above, however, OAPA cannot be held liable under Section 1983. With regards to the remaining five Defendants, Plaintiff provides

no substantive objection; he does not allege any facts that indicate any due process violations by the individual Defendants. In fact, Plaintiff does not even mention them. "Without specifying a single issue of contention," Plaintiff's general objection fails to meet the requirements for proper objections. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Magistrate Judge was correct in her assessment that Plaintiff failed to state a claim because the Complaint "contain[ed] no factual allegations explaining how the fifth continuance proceedings violated due process or were otherwise deficient." (ECF No. 5 at 9). Accordingly, Plaintiff's objection to the Magistrate Judge's recommendation to dismiss the due process claim is **OVERRULED**.

### 3. Access-to-Courts Claim

The Magistrate Judge determined that Plaintiff's Complaint did not have a free-standing access-to-courts claim. Objecting to this, Plaintiff describes OAPA activity from 2011 to 2017 and summarizes the three elements of his First Amendment retaliation claim before stating, "Therefore, Plaintiff objects to the Magistrate's report and recommendations on this issue." (ECF No. 8 at 11).

Plaintiff's objection does not allege any facts regarding—nor does it mention—the five individual Defendants. Plaintiff does not indicate how or when his right to access the courts had been infringed upon in any way. As such, Plaintiff's objection to the Magistrate Judge's recommendation that there is no access-to-courts claim is **OVERRULED**.

### 4. Violations of Ohio Rules, Regulations, and Laws

The Magistrate Judge recommended the dismissal of any claims of violations of Ohio rules, regulations, or laws brought under Section 1983. Plaintiff objects, stating that "Because Plaintiff has stated a claim for Prospective Injunctive relief for the Defendants failure to follow the rules and regulations promulgated and adopted by them in causing revocation of his parole by virtue of R.C.

§5149 and 2967… he has stated a viable claim under §1983." (ECF No. 8 at 11). This offers no support for Plaintiff's claim; it merely asserts that he has stated one. As such, Plaintiff's objection is a vague, general, and conclusory statement that does not meet the requirement of specific objections. *Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Further, Plaintiff's statement fails to address the reason why alleged state-law violations are not viable under Section 1983, which is "limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law." *Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007) (quoting *Neinast v. Bd. of Trs. of the Columbus Metro. Libr.*, 346 F.3d 585, 597 (6th Cir. 2003)). Here, Plaintiff alleges violations of Ohio rules, regulations, and laws.

The Magistrate Judge was correct in reasoning that since these are state laws, they cannot be brought under Section 1983. In the absence of a proper objection addressing this reasoning, Plaintiff's objection is **OVERRULED**.

### 5. *Claims Against Non-Defendants*

Plaintiff's Complaint alleges that Plaintiff: (1) was denied medical care; (2) was exposed to hazardous waste; (3) had legal documents destroyed; and (4) was targeted by ODRC staff. (ECF No. 8 at 13). Given that the Plaintiff did not "allege that the individual *Parole Board members* denied him medical care, exposed him to hazardous waste, destroyed his legal documents, or targeted him," the Magistrate Judge determined that these allegations were outside the scope of this case. (ECF No. 5 at 15 & 16).

Plaintiff objects by stating that "the Adult Parole Authority members were appointed by the Director" and are "being sued in their official capacity and individual capacity." (ECF No. 8 at 12).

At no point in his objection does Plaintiff allege any facts indicating how the five Defendants denied him medical care, exposed him to hazardous waste, destroyed his legal documents, or targeted him. Plaintiff offers no specific objection to the Magistrate Judge's recommendation to dismiss these claims. Instead, Plaintiff merely states, "Therefore, Plaintiff objects to the Magistrate's report and recommendations on this issue." (ECF No. 8 at 12). This is a vague, general, and conclusory statement that does not meet the requirements for a proper objection. *Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Accordingly, Plaintiff's objection to the Magistrate Judge's recommendation to dismiss any claims against non-defendants is **OVERRULED**.

### 6. *Conspiracy Claim*

Plaintiff's Complaint alleged that Defendants "work[ed] in concert with one another, for retaliation against Plaintiff for exercising his FIRST AMENDMENT right to seek redress of wrongs—civil litigation—with one or more Defendants having knowledge and/or involvement in a campaign of retaliatory acts which resulted in actual injury." (ECF No. 1 at 2).

The Magistrate Judge recommended the dismissal of Plaintiff's conspiracy claim brought under Section 1985 after determining that Plaintiff's vague allegations failed to state a claim. To state a Section 1985 conspiracy claim, a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving a person or a class of persons, directly or indirectly, of equal protection of the laws; (3) through an act in furtherance of the conspiracy; (4) which causes injury to plaintiff or plaintiff's property or deprives him of any right or privilege of a citizen of the United States.

*Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003).

Plaintiff objects by restating his conclusory allegations. He begins his objection with "Plaintiff has shown how each Defendant worked in conjunction with other Adult Parole Authority members in order to (1) deprive Plaintiff of his constitutional due process rights; (2) for the purpose

10

of depriving Plaintiff of equal protection of the laws; (3) by continuing Plaintiff's parole release; (4) which has caused Plaintiff injury to his person, property and right or privilege of a citizen [sic] the United Sates [sic]." (ECF No. 8 at 12–13). Instead of facts supporting his allegations, he offers basic recitations of all the elements. Plaintiff does not describe how the Defendants worked together, how they deprived him of equal protection of the laws, or even the manner in which he was injured. This amounts to a general objection to the Magistrate Judge's R&R, and even under the liberal standard for *pro se* pleadings, this fails to state a claim. *Cf. Erickson v. Parus*, 551 U.S. 89, 94 (2007) (per curiam). Therefore, Plaintiff's objection to the Magistrate Judge's recommendation to dismiss the conspiracy claim is **OVERRULED**.

### 7. *Ohio Criminal Law Violation*

Plaintiff's Complaint alleges that Defendants violated Ohio Rev. Code Ann. § 2921.45, which states, "No public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right." Violation of this is a first-degree misdemeanor. Ohio Rev. Code Ann. § 2921.45. The Magistrate Judge determined that this criminal statute did not create a private cause of action. (ECF No. 5 at 19). Plaintiff states that this statute "provides the basis for conspiracy claims" and mentions that Defendants deprived Plaintiff of his civil rights under § 1983. (ECF No. 8 at 13). Neither of these statements substantively objects to the fact that a "criminal statute [does] not provide Plaintiff with a private cause of action." *Swain v. Chambers-Smith*, No. 2:23-cv-2809, 2023 WL 8787760, at *5 (S.D. Ohio Dec. 19, 2023). Plaintiff's only objection consists of his statement that "this claim is not frivolous and should not be dismissed." (ECF No. 8 at 13). However, this is a general objection that fails to specify any "issues of contention" and thus does not meet the standard for a proper objection. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Therefore, Plaintiff's objection to the Magistrate Judge's recommendation to dismiss the state criminal law claim is **OVERRULED**.

### B. Temporary Restraining Order and Preliminary Injunctive Relief

A TRO is an emergency measure, meant "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Hartman v. Acton*, 613 F. Supp. 3d 1015, 1021 (S.D. Ohio 2020) (quoting *Dow Chemical Co. v. Blum*, 469 F. Supp. 892, 901 (E.D. Mich. 1979)). Federal Rule of Civil Procedure 65(b) requires a Court to examine on application for a TRO, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). The Sixth Circuit has explained that courts may also consider the traditional preliminary injunction factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc).

To obtain temporary injunctive relief, it is of paramount importance that the party establish immediacy and irreparability of injury. *See Doe v. Univ. of Cincinnati*, 2015 WL 5729328, at *1 (S.D. Ohio Sept. 30, 2015) (noting that "standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo") (citing *Motor Vehicle Bd. of Calif. v. Fox*, 434 U.S. 1345, 1347 n.2 (1977)). While a Court is permitted to consider the other factors, immediacy and irreparability of harm are threshold considerations since "[a] temporary restraining order is an extraordinary remedy whose purpose is to preserve the status quo."

*Marshall v. Ohio Univ.*, 2015 WL 1179955, at *4 (S.D. Ohio Mar. 13, 2015) (citing *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir.1996)). The "burden of proving that the circumstances 'clearly demand' such an extraordinary remedy is a heavy one" since the party seeking "the injunction must establish its case by clear and convincing evidence.'" *Id.* (citing *Overstreet v. Lexington-Fayette UrbanCnty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002); *Honeywell, Inc. v. Brewer-Garrett Co.*, 145 F.3d 1331 (6th Cir.1998)).

Plaintiff's Complaint requested a temporary restraining order pursuant to Fed. R. Civ. P. 65(b)(1) and preliminary injunctive relief pursuant to 28 U.S.C. § 2283 and § 2284 to "prevent further retaliation and Constitutional violations." (ECF No. 1 at 5). Section 2283, also known as the Anti-Injunction Act, limits injunctive relief by preventing courts from granting an injunction unless "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Section 2284 provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 42 U.S.C. § 2284. Neither statute is relevant to Plaintiff's claims. Additionally, Plaintiff does not offer any indication as to the form of injunctive relief that he requests, nor has he filed a separate motion requesting the injunctive relief.

Based upon the Complaint, the Magistrate Judge recommended declining to grant injunctive relief for several reasons. First, there was no notice to the Defendants, as is required in order to grant a preliminary injunction under Rule 65(a)(1). Second, an *ex parte* temporary restraining order is only available if specific facts show that immediate and irreparable harm will follow without the temporary restraining order. Fed. R. Civ. P. 65(b)(1). The Magistrate Judge found no such facts, reasoning that the alleged retaliation had already happened, so there was no immediate and

irreparable harm. Additionally, the Magistrate Judge could not determine "what Alford want[ed] the Court to order the Individual Defendants to do or not do." (ECF No. 5 at 21). Lastly, the Magistrate Judge determined that Plaintiff did not have a strong likelihood of success on the merits because he presented no evidence supporting his claim of First Amendment retaliation. (ECF No. 5 at 22).

Plaintiff does not object to the Magistrate Judge's determination about preliminary injunctive relief, but he does object to the recommendation to decline his request for a temporary restraining order. In his objection, he asserts that:

> [C]ontinued violations of Plaintiff's constitutional rights by Defendants…have placed Plaintiff in immediate threat of danger or death by continuing to deny Plaintiff's release, due to his health issues [ODRC's [sic] refusal to treat for life-threatening illness [Hep-C, neuropathy, nerve damage to his left arm and neck, possible prostate cancer prognosis] these extraordinary circumstances warrant injunctive relief pursuant to Fed. R. Civ. P. 65(b)(1).

ECF No. 8 at 13.

Here, Plaintiff identifies a number of illnesses that ODRC has allegedly refused to treat as evidence of the immediate threat of danger or death that Plaintiff faces. Thus, Plaintiff presents a new harm to justify injunctive relief. The previous harm identified in his Complaint was "further retaliation and Constitutional violations," which the Magistrate Judge properly determined was neither immediate nor irreparable (ECF No. 1 at 1; ECF No. 5 at 21–22). Like the previous harm, this new harm is not shown through any specific facts—not the date of refusal, who refused, how that refusal was communicated, etc. There is no evidence, just bare assertion.

Further, Plaintiff offers no reason for why a temporary restraining order should be granted without notice to the Defendants. Without specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant" and an explanation as to why notice

should not be required, Plaintiff's request does not satisfy the requirements for an *ex parte* temporary restraining order. Fed. R. Civ. P. 65(b)(1).

First, Plaintiff is unlikely to succeed on the merits. This is addressed in the subsequent section granting Defendants' Motion for Summary Judgment. Second, Plaintiff has provided no evidence that he will be irreparably harmed in the absence of injunctive relief; he offers no support for his allegation that he was refused medical treatment. As for the harm of "further retaliation and Constitutional violations," (ECF No. 1 at 1), such alleged retaliation by the Parole Board would not have occurred for the next 48 months anyway, given that Plaintiff's parole hearing was continued until then. Thus, there is no evidence of immediate and irreparable harm to Plaintiff. Third, this Court cannot make any determination as to whether a temporary restraining order will harm others because it is unclear what Plaintiff wants the order to do. Fourth, public interest does not support granting a temporary restraining order request that fails to specify the form of injunctive relief sought and fails to identify specific facts that show immediate and irreparable harm. Therefore, balancing these four factors does not support granting Plaintiff's request for a temporary restraining order. Accordingly, Plaintiff's objection to the Magistrate Judge's recommendation to decline granting a temporary restraining order is **OVERRULED**.

### C. Defendants' Motion for Summary Judgment

Summary judgment is granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party moves for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). This Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52, 106 S. Ct. 2505. There is no genuine issue for trial when the record as whole could not lead a rational trier of fact to find for the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288, 88 S. Ct. 1575, 20 L.Ed.2d 569 (1968). In other words, the nonmovant "is required to present some significant probative evidence which makes it necessary to resolve the parties' different versions of the dispute at trial." *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (quoting *First Nat'l Bank*, 391 U.S. at 288-89, 88 S. Ct. 1575). A *pro se* litigant is not excused from his duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010)); *see also Johnson v. Stewart,* No. 08–1521, 2010 U.S. App. LEXIS 27051, at *6–7, 2010 WL 8738105 (6th Cir. May 5, 2010) (holding "[t]he liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage.").

Plaintiff's Complaint alleged that Defendants retaliated against Plaintiff "for exercising his FIRST AMENDMENT right to seek redress of wrongs—civil litigation—with one or more Defendants having knowledge and/or having involvement in a campaign or retaliatory acts which resulted in actual injury." (ECF No. 1 at 2). First Amendment retaliation occurs when a plaintiff has "engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action

against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 386–87 (1999).

Defendants filed a Motion for Summary Judgment (ECF No. 15), conceding the first element but claiming Plaintiff failed to prove the second and third elements. As for the second element, Defendants argued that Plaintiff had not been deterred from litigating as evidenced by the present case and several other lawsuits brought by Plaintiff since the 2022 hearing. (ECF No. 15 at 10–11). As for the third element, Defendants argued that Plaintiff cannot prove that his litigation motivated their continuance. (ECF No. 15 at 12). They stated that "[t]emporal proximity alone is insufficient to meet the plaintiff's burden" and that Defendants did not consider his litigation in their decision, but rather they considered a number of factors in assessing his suitability for parole. (ECF No. 15 at 12–13). Last, Defendants stated that even if Plaintiff had met his burden, Defendants would have taken the same action without Plaintiff's litigation. Defendants cited the myriad factors they used to assess Plaintiff's suitability, as cited in the Ohio Parole Board Decision and Minutes, which they include as an exhibit. (ECF No. 15 at 12–13, A-1).

Plaintiff responded by reiterating his complaints about events dating back to 2000, summarizing the legal standard for First Amendment retaliation, and stating, "Plaintiff will not be deterred, at 67 years of age and fighting for his right to Life, Liberty and Freedom, any other person of normal firmness would be deterred." (ECF No. 17 at 14–16). Defendants cited this quote in their Reply as proof that Plaintiff was not deterred. (ECF No. 19 at 2). They reiterated that the Parole Board would have taken the same action regardless of Plaintiff's litigation. (ECF No. 19 at 3).

The Magistrate Judge determined that the first and second elements for First Amendment retaliation had been met; Plaintiff's civil litigation was protected conduct, and the denial of parole was sufficiently egregious to deter an inmate of ordinary firmness from further engaging in protected

conduct. (ECF No. 29 at 13–14). The Magistrate Judge rejected Defendants' focus on subjective deterrence and reasoned that what matters is whether an ordinary inmate would be deterred. (ECF No. 13–14). The Magistrate Judge did not find that the third element had been met. Accordingly, the Magistrate Judge recommended granting Defendants' Motion for Summary Judgment with regards to Plaintiff's First Amendment retaliation claim. (ECF No. 29 at 21).

Plaintiff's objection contains several allegations unrelated to the summary judgment issue. First, Plaintiff claims that Defendant Widmer "never made a determination of the constitutional violations committed from 2000 to date pursuant to relevant due process protections of Plaintiff during the time he was taken into custody as a technical parole violator on June 22nd, 2000." (ECF No. 35 at 8–9). Plaintiff offers no support to explain which rule or regulation required Defendant Widmer to take such action. This falls into the category of Plaintiff's due process claims, alleging that Defendants violated state law, which as established earlier, cannot support a Section 1983 claim.

Second, Plaintiff asserts that "Plaintiff's cause of action did not begin to run under relevant statute until July 29th, 2022 the last violation which took place [sic]. The continuing-violation doctrine, an exception to the ordinary rule regarding the commencement of a statute of limitations, allows for tolling based on continuing unlawful acts." (ECF No. 35 at 10). Further, "Had the defendants corrected the due process violations in causing revocation of Plaintiff's parole ten and one/half years after the arrest and 'detainer' placed by OAPA on June 22nd, 2000, Plaintiff would not have continued to suffer from these due process protections…." (ECF No. 35 at 11). Here, Plaintiff is objecting to the Magistrate Judge's dismissal of his due process violation claim and alleging that his claims against non-defendants stemming from 2000 are still viable under the continuing violation doctrine. This objection is untimely. Likewise, Plaintiff's objection was also untimely when he stated, "it was an abuse of discretion for the magistrate to rule that Plaintiff's

18

complaints regarding conditions of confinement and parole hearings pre-dating the July 29th, 2022 hearing were barred by the two-year statute of limitations." (ECF No. 35 at 12–13). As such, this Court will not consider these objections.

The objections that pertain to the matter of summary judgment are that the factual differences between Plaintiff's version of events and Defendant Widmer's version of events constitute a genuine issue of material fact, and the temporal proximity between Defendants' alleged comments and questions about Plaintiff's litigating activity and their decision satisfies the third element of retaliation. (ECF No. 35 at 9, 16–17). In their Response, Defendants state that Plaintiff did not raise a genuine issue of material fact as to the third element because "temporal proximity is insufficient alone to meet the plaintiff's burden…." (ECF No. 36 at 11, 12).

This Court agrees with the Magistrate Judge that there are no genuine issues of material fact and that Plaintiff failed to meet his burden to prove First Amendment retaliation. While Plaintiff is correct that there are discrepancies between Defendant Widmer's version of events and Plaintiff's, these discrepancies are not material. Looking at the facts in the light most favorable to Plaintiff, and assuming the 2022 Parole hearing did happen as described in Plaintiff's Complaint, Plaintiff's First Amendment retaliation claim still fails because Plaintiff cannot prove the third element of First Amendment retaliation. In other words, even if the Parole Board discussed Plaintiff's litigious activity with him as Plaintiff alleges, this still does not prove that their continuance was motivated by it in the absence of other evidence. *Smith v. Campbell*, 250 F.3d 1032, 1038 (2001) (holding that temporal proximity was not sufficient to meet the plaintiff's burden of showing that the protected conduct was a substantial or motivating factor for the adverse action); *Coleman v. Bowerman*, 474 F. App'x 435, 437 (6th Cir. 2012) ("In theory, temporal proximity between the protected conduct and the adverse action, standing alone, may be significant enough to create an inference of

19

retaliatory motive. However, when other evidence of retaliatory motive is lacking, we have been reluctant to hold that temporal proximity is sufficient to establish causation." (citation omitted)).

Plaintiff offers no additional evidence. As such, Plaintiff's reliance on temporal proximity alone is insufficient to prove the third element. In fact, the temporal proximity does not even create an inference of retaliatory motive because the rest of Plaintiff's description of events demonstrates the myriad other factors that the Defendants considered when making their decision. Plaintiff acknowledges in his Complaint that he discussed the following with the Board: a previous disciplinary incident which resulted in an increase in his security level; his release plans; his plans for employment; his original offence; and his subsequent offense. (ECF No. 1 at 3). This aligns with the requirement that the Parole Board must consider relevant factors such as criminal history, disciplinary history, employment history and occupational skills, education and training, family situation and support system, etc. Ohio Admin. Code 5120:1-1-07 (B)(1)-(16). By checking box 3A on the Ohio Parole Board Decision and Minutes (ECF No. 15 at A-1), Defendants confirmed that they considered these factors. (ECF No. 15 at A-1) Additionally, they checked the following boxes as rationale for their decision:

> There is substantial reason to believe that as the unique factors of the offense of conviction significantly outweigh the inmates rehabilitative efforts, the release of the inmate into society would create undue risk to public safety and/or would not further the interest of justice nor be consistent with the welfare and security of society.

> There is substantial reason to believe that due to serious infractions of division level 5120:9-06 of the Administrative Code, the release of the inmate would not act as a deterrent to the inmate or to other institutionalized inmates from violating institutional rules.

ECF No. 15 at A-1.

Lastly, Defendants wrote:

> Offender has been back for eleven and half years after returning from federal incarceration for bank robbery that occurred while on parole. The offender lacks cognitive programming to address his risk factors and thinking errors; and has continued institutional conduct since

20

his last hearing. After considering relevant factors, the Board does not consider the inmate suitable for release at this time.

ECF No. 15 at A-1.

This evidence demonstrates the Board's myriad reasons for their decision, none of which relates to Plaintiff's litigious activity. For this reason, Plaintiff's objection that Defendants "cannot show they would have taken the same action in the absence of the protected activity," fails (ECF No. 35 at 13). Plaintiff's objection is **OVERRULED**.

### IV. CONCLUSION

Accordingly, Plaintiff's Objections (ECF Nos. 8 & 27) are **OVERRULED**. This Court **ADOPTS** the Magistrate Judge's R&Rs (ECF No. 5 & 29), and Defendants' Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Plaintiff's Objections (ECF No. 27) to the Magistrate Order (ECF No. 26) are **DENIED as Moot.**

Plaintiff's claims are **DISMISSED,** and his case is **CLOSED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 25, 2025**

21